

**ORDERED in the Southern District of Florida on March 3, 2015.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Kenneth William Brown,                          Case No.: 13-13343-EPK

     Debtor.                                   Chapter 11

_____/

### ORDER CONFIRMING PLAN PROPONENT'S CHAPTER 11 PLAN OF REORGANIZATION AND SCHEDULING HEARING TO APPROVE SALE OF MANALAPAN PROPERTY AND POST CONFIRMATION STATUS CONFERENCE

**THIS MATTER** came before the Court for hearing on February 5, 2015 (the "Confirmation Hearing") to consider confirmation of Wendy E. Brown's (the "Plan Proponent") *Plan of Reorganization Filed by Wendy E. Brown* (the "Plan") [ECF No. 333] and final approval of the *Disclosure Statement for Plan of Reorganization Proposed by Wendy E. Brown* (the "Disclosure Statement") [ECF No. 334]. The Court, having considered the Plan and Disclosure

Statement, the *Confirmation Affidavit By Wendy E. Brown* ("<u>Confirmation Affidavit</u>") [ECF No. 384], the evidence presented, the proffered testimony of the Plan Proponent, the statements and representations of counsel, the modifications, amendments and additions to the Plan announced on the record by counsel for the Plan Proponent, and pursuant to Bankruptcy Rule 7052, makes the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law

A.    Adequate and sufficient notice, as required pursuant to the Bankruptcy Rules and the *Order Conditionally Approving Disclosure Statement, Setting Hearing on Final Approval of Disclosure Statement and Confirmation of Chapter 11 Plan, Setting Various Deadlines and Describing Plan Proponent's Obligations* [ECF No. 339] was provided to all known creditors, equity security holders, the Office of the U.S. Trustee, and other parties in interest of: i) the Plan and Disclosure Statement; ii) the deadline to file and serve objections to final approval of the Disclosure Statement and confirmation of the Plan; iii) the deadline for voting on the Plan; and iv) the hearing on final approval of the Disclosure Statement and approval of the confirmation of the Plan.

### Jurisdiction and Venue

B.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's general order of reference.   Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§1408 and 1409.

### Disclosure Statement

C.    The Disclosure Statement contains "adequate information" regarding the plan in accordance with 11 U.S.C. § 1125(a).

**11 U.S.C. § 1129(a)(1)**

A.       The Plan, and plan modifications and additions, if any, (hereinafter, collectively the "<u>Plan</u>") comply with the applicable provisions of the Bankruptcy Code, including without limitation 11 U.S.C. §§ 1122, 1123, 1125, and 1129(a) and (b) with respect to all Classes of Claims[1] and Interests under the Plan and, therefore, the provisions of 11 U.S.C. § 1129(a)(1) have been satisfied.

**11 U.S.C. § 1129(a)(2)**

B.       The Plan Proponent, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(2) have been satisfied.

**11 U.S.C. § 1129(a)(3)**

C.       The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the requirements of 11 U.S.C. § 1129(a)(3) have been satisfied.

**11 U.S.C. § 1129(a)(4)**

D.       Any payments made or to be made by the Plan Administrator, Plan Proponent, Kenneth William Brown (the "<u>Debtor</u>"), or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(4) have been satisfied.

**11 U.S.C. § 1129(a)(5)**

E.       There are no managing members or members of Debtor.   Therefore, § 1129(a)(5)(A) is not applicable.

---

[1] Unless otherwise defined, any capitalized terms herein shall have the same meaning ascribed to them in the Plan.

F.    The Plan Proponent, as the proponent of the Plan, has disclosed the identity of any insider that will be employed or retained by the Debtor, and the nature of any compensation for such insider.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(B) have been satisfied.

**11 U.S.C. § 1129(a)(6)**

G.    No governmental regulatory commission has jurisdiction over the rates of the Debtor.  Accordingly, 11 U.S.C. § 1129(a)(6) is not applicable.

**11 U.S.C. § 1129(a)(7)**

H.    The Plan treats Classes 1, 5, 6, and 7 as Unimpaired, and pursuant to 11 U.S.C. 1126(f) Classes 1, 5, 6, and 7 are deemed to have accepted the Plan.  Accordingly, 11 U.S.C. § 1129(a)(7) does not apply to Classes 1, 5, 6, and 7.

I.    The Plan treats Classes 2, 3, 4, 8 and 9 as Impaired.  Class 2 voted 100% in favor of the Plan and has therefore accepted the Plan.  Class 3 voted 100% in favor of the Plan and has therefore accepted the Plan.  Class 4 has voted 100% in favor of the Plan and has therefore accepted the Plan.  Class 8 did not submit any vote and did not object to the Plan, and therefore has consented to the Plan.  Class 9 voted to reject the Plan.

J.    With each Impaired Class of Claims or Interests, each holder of an Interest or Claim has either accepted the Plan, consented to the Plan, or will receive or retain, under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(7) have been satisfied with respect to each Impaired Class of Claims or Interests.

**11 U.S.C. § 1129(a)(8)**

K.      Classes 1, 5, 6, and 7 are Unimpaired under the Plan and are deemed to have accepted the Plan pursuant to 11 U.S.C. 1126(f).  Classes 2, 3 and 4 are Impaired and have accepted the Plan.  Class 8 did not submit any vote and did not object to the Plan, and therefore has consented to the Plan.  The requirements of 11 U.S.C. § 1129(a)(8) have been satisfied with respect to Classes 1, 2, 3, 4, 5, 6, 7 and 8.

**11 U.S.C. § 1129(b)**

L.      The Plan does not discriminate unfairly and the Plan provides "fair and equitable" treatment to Class 9, who rejected the Plan.  Under the Bankruptcy Code § 1129(b)(2)(B), the Plan is fair and equitable to Class 9 because the Plan provides that each holder of any Claim or Interest that is junior to the claims of Class 9 will not receive or retain under the Plan on account of such junior Claim or Interest any property, except that the Debtor may retain property included in the estate under § 1115, as provided for in the Plan and this Order.   Therefore, the Court finds that Class 9 is treated fairly and equitably under § 1129(b)(2)(B) of the Bankruptcy Code.

**11 U.S.C. § 1129(a)(9)**

M.      The Plan provides that all Allowed Unsecured Priority Claims, if any, and Allowed Administrative Claims are to be paid on the Effective Date, the date on which such claims become payable pursuant to Final Order of the Court, or as otherwise provided in the Plan.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(9) have been satisfied.

**11 U.S.C. § 1129(a)(10)**

N.      The Plan treats Classes 2, 3, 4, 8 and 9 as Impaired.  Classes 2, 3 and 4, without including the acceptance of the Plan by an Insider, voted 100% in favor of the Plan and have

therefore accepted the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(10) have been satisfied with respect to one Impaired Class of Claims accepting the Plan, excluding any acceptance of the Plan by any Insiders.

**11 U.S.C. § 1129(a)(11)**

O.       The Plan is feasible based on, among other things, the sale of the Manalapan Property and the Debtor's non-exempt assets as set forth in the Plan. Thus, confirmation of the Plan is not likely to be followed by any liquidation, or the need for further financial reorganization of the Debtor or any successors to the Debtor under the Plan, except to the extent proposed in the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(11) have been satisfied.

**11 U.S.C. § 1129(a)(12)**

P.       The Plan provides for payment in full of all U.S. Trustee fees payable under 28 U.S.C. § 1930 and all fees payable under Section 1930 of Title 28. To the extent any fees remain due and owing, they will be paid on the Effective Date of the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(12) have been satisfied.

**11 U.S.C. § 1129(a)(13)**

Q.       The Debtor has no retirement plan, and the Debtor therefore has no obligation to provide retiree benefits. Accordingly, 11 U.S.C. § 1129(a)(13) is not applicable.

**11 U.S.C. § 1129(a)(14)**

R.       The Debtor is not required by a judicial or administrative order, or by statute to pay a domestic support obligation. Accordingly, 11 U.S.C. § 1129(a)(14) is not applicable.

**11 U.S.C. § 1129(a)(15)**

S.     The holder of an allowed unsecured claim has not objected to confirmation of the Plan. Accordingly, 11 U.S.C. § 1129(a)(15) is not applicable.

**11 U.S.C. § 1129(a)(16)**

T.     11 U.S.C. § 1129(a)(16) does not apply to this case because this provision applies to nonprofit corporations and trusts. Accordingly, 11 U.S.C. § 1129(a)(16) is not applicable.

**Modifications**

U.     The modifications set forth herein and announced on the record during the Confirmation Hearing are not material and do not adversely change the treatment of creditors, and thus does not warrant resolicitation.

**Oral Findings Incorporated by Reference**

V.     The Court's oral findings of fact and conclusions of law announced on the record at the Confirmation Hearing are incorporated by reference herein.

**Requirements for Confirmation Satisfied**

W.     All of the requirements for Confirmation under 11 U.S.C. § 1129 have been satisfied. Confirmation of the Plan is in the best interests of the Estate, its creditors, its equity security holders, and all other parties in interest.

It is therefore **ORDERED AND ADJUDGED** that:

1.     Pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3017(b), the Disclosure Statement is **APPROVED**.

2.     The Plan is **CONFIMRED** and **APPROVED** in all respects.

3.     Any and all objections to Confirmation not withdrawn or otherwise addressed in this Order are expressly **OVERRULED**.

4.      The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052.  To the extent any finding of fact later shall be determined to be a conclusion of law it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact it shall be so deemed.

5.      The modifications set forth herein and announced on the record during the Confirmation Hearing satisfy 11 U.S.C. § 1127(c) and the Plan Proponent, as the proponent of such modifications, complies with 11 U.S.C. § 1125 with respect to the Plan, as modified. Pursuant to 11 U.S.C. § 1127(d), all creditors that accepted or rejected the Plan are deemed to have accepted or rejected the Plan as modified by the modifications set forth herein and announced on the record during the Confirmation Hearing.

6.      In order to resolve any and all objections to confirmation of the Plan that may have been raised by the United States Trustee, the parties agree that section 12.24 of the Plan is modified to provide that all notices of appearance and demands for service of process filed with the Court shall continue to be effective, and further notices will be sent to such Entities.

7.      In order to resolve any and all objections to confirmation of the Plan and Disclosure Statement that may have been raised by the Debtor, including those set forth in the Debtor's *Objection to Confirmation of Plan [DE #333] Filed by Wendy Brown* [ECF No. 382] and *Objection to Disclosure Statement [DE #334] Filed by Wendy Brown* [ECF No. 381], the parties agree that:

        a.  The Plan Administrator will be David L. Merrill and Ozment Merrill (together, "Ozment Merrill"), who shall be subject to all the terms and conditions set forth in the Plan and this Order.

b. The treatment for Class 5, the Allowed SunTrust Secured Claim, set forth in section 6.05 of the Plan is modified to provide that the Debtor shall continue to provide the regular payments under the relevant loan documents.

c. The treatment for Class 6, the Allowed Ocwen Secured Claim, set forth in section 6.06 of the Plan is modified to provide that the Debtor shall continue to provide the regular payments under the relevant loan documents.

8.      In order to resolve any and all objections to confirmation of the Plan that may have been raised by Paradise Bank, including those set forth in the *Limited Objection to Confirmation of Chapter 11 Plan of Reorganization Filed by Wendy E. Brown (ECF 333)* [ECF No. 379], the parties agree that the treatment for Class 2, the Allowed Secured Paradise Claims, set forth in section 6.02 of the Plan is modified to provide that the holder of such Claims: a) shall be entitled to default interest, going forward, in the event there is a default under the relevant loan documents, b) shall have an Allowed Secured Claim in the amount of $3,380,936.41 (as set forth in its amended proof of claim [POC 18]) plus the additional accrued interest, fees, and costs (including attorney's fees and costs) through to its payoff date, which as of January 31, 2015 the total payoff amount to Paradise Bank was $3,401,025.22, c) shall be paid the foregoing Allowed Secured Claim plus all additional accrued interest, fees, and costs (including attorney's fees and costs) through to and including Paradise Bank's payoff date, which is the date it receives full payment of its Claims, d) all the foregoing payments shall be made by the closing of the sale of the Manalapan Property conducted under the terms of the Plan and this Order, and e) all the foregoing payments shall be made prior to the allowance and payment of the Plan Administrator's fees and costs.

9.      In order to resolve any and all objections to confirmation of the Plan that may have been raised by Bank of America, the parties agree that the treatment for Class 3, the Allowed Secured Bank of America Claim, set forth in section 6.03 of the Plan is modified to

provide that the holder of such Claim: a) shall have an Allowed Secured Claim in the amount of $1,613,732.40 (as set forth in its amended proof of claim [POC 5-1]) plus the additional accrued, non-default interest,[2] fees, and costs (including attorney's fees and costs) through to its payoff date (or any other amount as the parties' agree but at no time shall the claim be less than $1,592,811.40, which as of January 31, 2015 was the total payoff amount to Bank of America, in addition to additional accrued non-default interest, fees and costs (including any and all attorneys' fees and costs accrued as of January 31, 2015), b) shall be paid the foregoing Allowed Secured Claim plus all additional accrued non-default interest, fees, and costs (including attorney's fees and costs) through to and including Bank of America's payoff date, which is the date it receives full payment of its Claim, c) all the foregoing payments shall be made upon by the closing of the sale of the Manalapan Property conducted under the terms of the Plan and this Order, and d) all the foregoing payments shall be made prior to the allowance and payment of the Plan Administrator's fees and costs.

10.     Pursuant to the Notice of *Non-Material Modifications to Plan of Reorganization Dated December 23, 2014* [ECF No. 344], this Order, and the *Order Granting Motion for Determination Under 11 U.S.C. § 1127(c) and (d) With Respect to Non-Material Modifications to Plan of Reorganization Dated December 23, 2014*, section 9.09 of the Plan is deleted entirely, and the Plan is further modified as follows:

a.  The second paragraph in section 3.01 of the Plan is modified to provide the following:

i.  The Plan Administrator will sell the Manalapan Property, free and clear of all Liens, Claims and interests, and reserve $6,500,000.00 or a greater amount of the sale proceeds to provide sufficient funds for the payment of

---

[2] Bank of America reserves the right to charge default interest if, at any point, Bank of America does not receive the payoff provided for under the Plan and this Order, and/or the sale of the Manalapan Property does not proceed as contemplated by the Plan and this Order.

closing costs, its approved fees and costs relating to the sale of the Manalapan Property, United States Trustee's Fees, and the distributions to Class 1, Class 2, Class 3 and Class 4 as set forth in the Plan. The Plan Administrator will distribute any remaining amount upon the entry of, and in accordance with, the judgment entered by the State Court equitably distributing the marital assets between the Plan Proponent and the Debtor. The Plan Administrator will hold all net proceeds in excess of the aforementioned $6,500,000.00 or greater amount in trust to be distributed upon the entry of, and in accordance with, the judgment entered by the State Court equitably distributing the marital assets between the Plan Proponent and the Debtor. Plan § 3.01.

b.  The second paragraph in section 3.04 of the Plan is modified to provide the following:

   i.  The Plan Administrator and any professional hired by the Plan Administrator shall file fee applications with the Court, and obtain approval of such fee applications prior receiving any payment. The approved fees and costs of the Plan Administrator and any professional hired by the Plan Administration relating to the sale of the Manalapan Property and administration of the sale proceeds will be paid for with the $6,500,000.00 or greater amount held in reserve by the Plan Administrator from the sale of the Manalapan Property, after the payment of United States Trustee's Fees, and the distributions to Class 1, Class 2, Class 3 and Class 4 as set forth in the Plan. The approved fees and costs of the Plan Administrator and any professional hired by the Plan Administrator relating to the sale of the Debtor's non-exempt assets will be paid for with the sale proceeds from such sale of non-exempt assets. The Plan Administrator may retain professionals to prosecute the Avoidance Actions on a contingency fee basis, subject to Court approval. Plan § 3.04.

c.  Section 3.05(xiv) of the Plan is modified to provide the following:

   i.  The Plan Administrator will reserve $6,500,000.00 or a greater amount of the sale proceeds to provide sufficient funds for the payment of closing costs, its approved fees and costs relating to the sale of the Manalapan Property, United States Trustee's Fees, and the distributions to Class 1, Class 2, Class 3 and Class 4 as set forth in the Plan. The Plan Administrator will distribute any remaining amount upon the entry of, and in accordance with, the judgment entered by the State Court equitably distributing the marital assets between the Plan Proponent and the Debtor.

d.  Section 3.05(xv) of the Plan is modified to provide the following:

   i.  The Plan Administrator will hold all net proceeds in excess of the aforementioned $6,500,000.00 or greater amount in trust to be distributed upon the entry of, and in accordance with, the judgment entered by the State Court equitably distributing the marital assets between the Plan Proponent and the Debtor. Any portion of the Manalapan Property the State Court awards to the Plan Proponent, and any proceeds from the sale of such portion of the Manalapan Property, shall not constitute property of the estate under § 541(d) of the Bankruptcy Code.

e.  Section 9.07 of the Plan is modified to provide the following:

   i.  ***After the confirmation of the Plan, and after notice and hearing as proscribed by 11 U.S.C. §1141(d)(5), the Court may grant a discharge to the Debtor prior to the completion of payment under the Plan if the requirements of 11 U.S.C. §1141(d)(5) are satisfied. Otherwise, as provided for under 11 U.S.C. §1141(d)(5), the Court may grant a discharge to the Debtor upon completion of all payments under the Plan.***

f.  Section 9.08 of the Plan is modified to provide the following:

   i.  ***Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtor will be permanently enjoined, upon the Court granting a discharge to the Debtor, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor or against the property or interests in property of the Debtor, on account of any such Claim, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim; provided that, nothing herein shall be construed to prevent Wendy E. Brown from continuing with the Dissolution Proceeding through entry of a final and non-appealable judgment, and enforcing any rights and interests against any assets and/or portion thereof awarded to her by the State Court. Such injunctions shall extend to successors of the Debtor (including, without limitation, the Reorganized Debtor) and their respective properties and interests in property.***

11.    The Debtor may file an appropriate motion with the Court to seek to administratively close the case before a discharge has been entered and plan payments have been completed.

12.    Fisher Auction Company shall conduct an auction of the Manalapan Property on April 8, 2015 at 11:00 a.m., unless otherwise ordered by the Court, and sections 3.05(i) and 3.05(vii) of the Plan are modified accordingly.

13.    The Court will conduct a hearing on approval of the highest and best bid for the Manalapan Property on **April 9, 2015** at **2:00 P.m.**, at the United States Bankruptcy Courthouse, Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401 (the "Manalapan Sale Hearing").

14.    The Court will consider the approval of Fisher Auction Company's fees and costs relating to the sale of the Manalapan Property in conjunction with the Manalapan Sale Hearing. Consistent with section 3.05(ii) of the Plan, Fisher Auction Company is permitted to spend up to $20,000.00 for marketing expenses relating to the sale of the Manalapan Property, and any such marketing expenses incurred by Fisher Auction Company shall be reimbursed upon the closing of the sale of the Manalapan Property from the sale proceeds from the Manalapan Property; provided that, in the event the sale of the Manalapan Property does not close, Fisher Auction Company shall be entitled to an Allowed Administrative Claim in the above-referenced bankruptcy case for such marketing expenses incurred.

15.    The closing on the sale of the Manalapan Property shall occur on or before 20 calendar days from the date the Court enters an order approving such sale, which order is not appealed and becomes final, and section 3.05(xii) of the Plan is modified accordingly.

16.     Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

17.     The Effective Date shall occur upon the satisfaction of the conditions precedent set forth in section 10.01 of Plan, unless otherwise waived under section 10.03 of the Plan.  The Plan Proponent will file a Notice of the Effective Date with the Court upon the occurrence of the Effective Date.

18.     Any and all judicial liens, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5), that impairs the Debtor's homestead exemption is avoided under § 522(f) of the Bankruptcy Code, including but not limited to any and all judicial liens held by Textron Financial Corporation.

19.     **The Debtor shall file with the Court, and serve on all creditors and other parties in interest, including the affected parties, an Assumption List indicating any executory contracts and unexpired leases he seeks to assume, and any related cure amounts, no later than seven (7) days after the entry of the Confirmation Order than has become final and non-appealable. To the extent that the non-debtor party to any executory contract or unexpired lease disagrees with the cure amount listed in the Assumption List, such party must file a notice of dispute with the Court and serve such notice on the Debtor by no later than fourteen (14) days following service of the Assumption List.**

20.     **Claims arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan must be filed with the Court no later than thirty (30) days after the later of (i) notice of entry of an order approving the rejection of such executory contract or unexpired lease, or (ii) notice of the Assumption List. Any Claim not filed**

within such time will be forever barred from assertion against the Debtor, Plan Administrator, the Estate, and his property. Unless otherwise ordered by the Court, all Claims arising from the rejection of executory contracts and unexpired leases shall be treated as Unsecured Claims under the Plan. The Debtor shall have thirty (30) days from receipt thereof to file an objection to such Rejection Claim.

21.    ANY CREDITOR WHO FAILS TO FILE A REJECTION CLAIM ON OR BEFORE THE REJECTION CLAIM BAR DATE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH REJECTION CLAIM AGAINST THE DEBTOR AND HIS RESPECTIVE ESTATE, AND THE DEBTOR AND HIS RESPECTIVE CHAPTER 11 ESTATE, SUCCESSOR, AND PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM. IN ADDITION THE HOLDER OF SUCH REJECTION CLAIM SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

22.    Any and all executory contracts and unexpired leases not assumed by the Debtor through the Assumption List or by Court order on or before the date of the Confirmation Hearing are **REJECTED**.

23.    Except with respect to US Trustee's fees, the Administrative Claim Bar Date for any administrative claims that arise on or before the date of the Confirmation Hearing shall be thirty (30) days from the entry of this Order, including but not limited to any final fee applications sought by Ozment Merrill as counsel for the Debtor. Except with respect to US Trustee's fees, any and all creditors and parties in interests alleging to have an Administrative

Claim that arose on or before the date of the Confirmation Hearing must file their Administrative Claim with the Court by such administrative claims bar date and serve a copy on the Debtor's counsel. The Debtor shall have thirty (30) days from the receipt thereof to file an objection to such Administrative Claim. **ANY CREDITOR WHO FAILS TO FILE AN ADMINISTRATIVE CLAIM FOR A CLAIM THAT AROSE ON OR BEFORE THE DATE OF THE CONFIRMATION HEARING ON OR BEFORE THE ADMINISTRATIVE CLAIM BAR DATE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE CLAIM AGAINST THE DEBTOR, HIS RESPECTIVE ESTATE, AND THE DEBTOR AND HIS RESPECTIVE CHAPTER 11 ESTATE, SUCCESSOR, AND PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM. IN ADDITION THE HOLDER OF SUCH ADMINISTRATIVE CLAIM SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

24.    The appointment of Ozment Merrill as the Plan Administrator is hereby approved. The Plan Administrator shall be a "representative of the estate" pursuant to 11 U.S.C. § 1123(b)(3)(B) for all purposes related to the administration and sale of the Manalapan Property, the administration and sale of all of the Debtor's non-exempt assets, including the administration of any of the Debtor's non-exempt assets that are subsequently discovered, and the distribution of the net proceeds from such sales as set forth in the Plan, and administration and prosecution of the Avoidance Actions.

25.    The Debtor and Plan Administrator are authorized and directed to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, settlements, and other agreements or documents created in connection with the Plan.

26.    The Plan Administrator, on behalf of the Debtor's bankruptcy estate, is authorized to execute any document required for the sale of the Manalapan Property as contemplated under the terms of the Plan and this Order.

27.    Unless otherwise provided in the Plan or this Order, all injunctions or stays provided for in the Bankruptcy Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the Effective Date.

28.    This Order is in recordable form, and shall be accepted by any filing or recording officer or authority of any applicable governmental unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

29.    Any and all transfers of property made pursuant to the Plan, including but not limited to the transfer of the Manalapan Property and the Debtor's non-exempt assets, shall not be taxed under any law imposing a stamp tax or similar tax pursuant to 11 U.S.C. § 1146.

30.    Under Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, and except as otherwise ordered by the Court or as otherwise provided in the Plan, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the above-referenced bankruptcy case and the Plan to the fullest extent permitted by law, including, without limitation, to the matters set forth in Article XI of the Plan and all matters relating to title and avoidance of lien issues that arise with respect to the Manalapan Property.

31.     Notwithstanding Bankruptcy Rule 3020(e), this Order shall be immediately effective, subject to the terms and conditions of the Plan.

32.     The Debtor shall pay the United States trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within fourteen (14) days after the entry of this order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period; and the Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. 1930(a)(6), until the earlier of the closing of these cases by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter und under the Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee's fee shall provide the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

33.     The Plan Proponent shall serve a copy of this Order upon all parties entitled to notice thereof pursuant to Bankruptcy Rule 3020(c) and Local Rules 2002-1(c)(11) and 3020-1(D), and shall file a certificate of service with the Court.

34.     The Court will conduct a post-confirmation status conference on **May  14, 2015** at **2:00 p.m.**, at the United States Bankruptcy Courthouse, Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.

###

Submitted by:

SHRAIBERG, FERRARA & LANDAU, P.A.
Bernice C. Lee
Attorneys for the Plan Proponent
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email: blee@sfl-pa.com

Bernice C. Lee, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.