

ORDERED in the Southern District of Florida on April 10, 2015.

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Kenneth William Brown,                                Case No.: 13-13343-EPK

    Debtor.                                                      Chapter 11

_____/

**ORDER GRANTING PLAN PROPONENT'S *EMERGENCY* MOTION FOR ORDER (A) APPROVING PROPOSED SALE OF MANALAPAN PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS UNDER CONFIRMED PLAN (B) APPROVING BID PROCEDURE DEVIATION AND (C) APPROVING CERTAIN FEES AND COSTS OF PROFESSIONAL RELATING TO THE SALE OF MANALAPAN PROPERTY**

**THIS MATTER** came before the Court for hearing on April 9, 2015 upon Wendy E. Brown's (the "Plan Proponent") *Emergency Motion for Order (A) Approving Proposed Sale of*

{1307/000/00288349}

*Manalapan Property Free and Clear of All Liens, Claims and Interests Under Confirmed Plan (B) Approving Bid Procedure Deviation, and (C) Approving Certain Fees and Costs of Professional Relating to the Sale of the Manalapan Property* (the "Motion") [ECF No. 449], and as scheduled by the *Order Confirming Plan Proponent's Chapter 11 Plan of Reorganization and Scheduling Hearing to Approve Sale of Manalapan Property and Post Confirmation Status Conference* [ECF No. 420]. The Court, having reviewed the Motion, having heard the statements of counsel, and being otherwise duly advised in the premises and good cause having been shown, does **FIND** and **CONCLUDE** that:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052.[1]

B. The Court is satisfied that there is a sound business justification for the sale of the Manalapan Property,[2] and the total purchase price of $6,890,000, which includes the 6% buyer's premium in the amount of $390,000, is fair and reasonable.

C. The Sale Contract for the sale of the Manalapan Property is in furtherance of and in connection with the Confirmed Plan.

D. The successful bidder's deviation from the bid procedures with respect to providing the $500,000 initial escrow deposit approximately an hour after such deadline ran under the Extension Order (the "Deviation") is reasonable, does not prejudice any party, and benefits the estate and the Debtor's creditors.

E. The Plan Administrator and 1370 S. Ocean LLC are proceeding in good faith, and the sale contemplated in the Sale Contract is being proposed in good faith.

Accordingly, the Court does **ORDER** and **ADJUDGE** as follows:

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.
[2] Capitalized terms not defined herein shall have the meanings provided for in the Motion or Confirmed Plan if not defined in the Motion.

1. The Motion is **GRANTED** as set forth herein.

2. The Sale Contract attached to the Motion as Exhibit A is **APPROVED**.

3. The sale of the Manalapan Property shall be free and clear of all Liens, Claims and interests to 1370 S. Ocean LLC, or its assigns, on the terms and conditions set forth in the Sale Contract, Confirmation Order and Confirmed Plan.

4. The transactions contemplated by the Sale Contract are undertaken by the 1370 S. Ocean LLC in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Manalapan Property to 1370 S. Ocean LLC or its assigns, unless such authorization is duly stayed pending such appeal.  1370 S. Ocean LLC is a purchaser in good faith of the Manalapan Property, and it and its assigns are entitled to all of the protections afforded by 11 U.S.C. § 363(m).

5. The proceeds from the sale of the Manalapan Property will be held and disbursed pursuant to the terms of the Confirmation Order and Confirmed Plan.

6. Subject to the terms of the Confirmation Order and Confirmed Plan, any such liens of secured creditors holding Allowed Secured Claims that have not been avoided and are not paid upon the closing of the sale of the Manalapan Property under the terms of the Sale Contract, attach to the net proceeds of the sale of the Manalapan Property in the order of their priority, with the validity, force and effect that they now have, if any, against the Manalapan Property, subject to the rights, claims, defenses and objections of the Debtor, Plan Proponent and all interested parties with respect to such liens, so that 1370 S. Ocean LLC, or its assigns, takes the Manalapan Property free of all Liens, Claims and interests.

7. The sale proceeds shall be disbursed pursuant to the terms of the Confirmed Plan,

Confirmation Order and Closing Statement.  Bank of America N.A. and Paradise Bank, secured creditors, have through and including twelve (12) days after entry of this Order to file amended proofs of claim.

8. Any making or delivery of an instrument of transfer relating to the Sale Contract shall not be taxed under any law imposing a stamp tax or similar tax pursuant to 11 U.S.C. § 1146(a).

9. The Debtor is required to vacate the Manalapan Property prior to the closing under the Sale Contract.

10. The Deviation from the bid procedure set forth in the Extension Order is approved.

11. Fisher Auction Company's compensation based on the 6% buyer's premium, which will become due and payable only upon the closing of the sale of the Manalapan Property under the Sale Contract, to be divided as required under paragraph 3 of the Fisher Retention Order, is **APPROVED**.

12. Under the Fisher Retention Order the 6% buyer's premium will be divided as follows: i) 6% of the successful bid price will be paid to Fisher Auction Company; and ii) 2% of the successful bid price will be paid to the "procuring cause broker" from Fisher Auction Company's earned real estate commissions of 6% of the successful bid price.

13. Fisher Auction Company's costs relating to marketing expenses in the amount of $20,000 to be paid for as an Administrative Claim relating to the sale of the Manalapan Property upon the closing of the sale of the Manalapan Property under the Sale Contract is **APPROVED**.

14. The Court retains jurisdiction to interpret, enforce and implement the terms and provisions of the Sale Contract, as may be amended or modified, and this Order, including, but

not limited to, retaining jurisdiction to: a) subject to the terms and conditions of the Sale Contract, compel delivery of the Manalapan Property to 1370 S. Ocean LLC or its assign, and b) compel delivery of the purchase price by 1370 S. Ocean LLC, or its assign, or performance of other obligations of 1370 S. Ocean LLC, or its assign, contained in the Sale Contract.

15. This Order expressly waives the stay requirement enumerated in Rule 6004(h) of the Federal Rule of Bankruptcy Procedure, such that entry of this Order shall not be subject to an automatic fourteen (14) day stay.

16. This Order constitutes the Court's approval of the Sale Contract.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

SUBMITTED BY:
Bernice C. Lee
Shraiberg, Ferrara & Landau, P.A.
Counsel for the Plan Proponent
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800
Facsimile: (561) 998-004

Copy to: Bernice C. Lee, Esq., 2385 NW Executive Center Dr., Suite 300, Boca Raton, FL 33431.
[Attorney Lee is directed to serve a copy of this Order upon all interested parties.]